IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY E. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-347- RJD |
| ) | |
| MACY'S RETAIL HOLDINGS, LLC, f/k/a ) | |
| MACY'S RETAIL HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motion to Compel Arbitration (Doc. 23). Plaintiff did not file a Response.[1] As explained further, Defendant's Motion is GRANTED.

Plaintiff filed this suit *pro se* against Macy's Retail Holdings, LLC, f/k/a Macy's Retail Holdings, Inc. ("Macy's) pursuant to Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. Plaintiff was formerly employed at Macy's. She alleges that in 2018, Macy's discriminated against her because of her race and age. Macy's filed the instant Motion, contending that Plaintiff agreed to arbitrate her claims against Macy's.

The Federal Arbitration Act directs courts to enforce valid arbitration agreements. *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1621 (2018). State contract law determines whether an arbitration agreement is valid. 9 U.S.C. §2; *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Macy's Motion assumes that Illinois law applies to the arbitration agreement between it and Plaintiff. Plaintiff's employment with Macy's occurred in Illinois and the Court

---

[1] Pursuant to Local Rule 7.1, Plaintiff's Response to Defendant's Motion was due on or before October 27, 2020.

will therefore apply Illinois contract law to determine the arbitration agreement's validity. *Michalski v. Circuit City Stores, Inc.,* 177 F.3d 634, 636 (7th Cir. 1999).

Under Illinois law, the elements of a valid contract are offer, acceptance, and consideration. *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 712 (7th Cir. 2019) (citing *Melena v. Anheuser-Busch, Inc.,* 219 Ill.2d 135, 151 (Ill. 2006). Macy's made an offer to Plaintiff to participate in the Solutions InSTORE program, a "comprehensive early dispute resolution program," which includes an agreement to arbitrate all "employment-related legal disputes" between Macy's and its employees. Doc. 23-1, pp. 7-8, 24. Plaintiff was free to opt out of the arbitration agreement, but she had to do so by returning an election form within 30 days after she was hired. *Id*., ¶23.

Plaintiff did not return an election form, and she therefore accepted the offer to participate in arbitration. *Michalski,* 177 F.3d at 636. Plaintiff and Macy's provided mutual consideration by promising to arbitrate disputes related to Plaintiff's employment at Macy's. *Id*. Because there was an offer, acceptance, and consideration, the arbitration agreement between Plaintiff and Macy's is valid.

The next issue is whether the claims raised in Plaintiff's Complaint are subject to the arbitration agreement. *Gupta*, 934 F.3d at 710. Any doubts as to whether an issue is subject to an arbitration agreement should be resolved in favor of arbitration. *Gore v. Alltel Communications, Inc.,* 666 F.3d 1027, 1032 (7th Cir. 2012). Plaintiff alleges that Macy's discriminated against her in the course of her employment because of her race and age, in violation of federal statutes. The arbitration agreement applies to "all employment-related legal disputes" arising under federal law. Doc. 23-1, p. 19. Plaintiff's claims in this suit are therefore subject to the arbitration agreement.

Where a lawsuit involves an issue or issues subject to arbitration, the Court must stay litigation until the arbitration is completed.  9 U.S.C. §3.  Having found that Plaintiff and Defendant entered into a valid arbitration agreement that encompasses Plaintiff's allegations in this matter, Macy's Motion to Compel Arbitration is hereby GRANTED.   On or before December 2, 2021, the parties SHALL arbitrate Plaintiff's claims against Defendant pursuant to the terms of the arbitration agreement.   This case shall be STAYED pending the arbitration proceedings.

**IT IS SO ORDERED.**

**DATED:   December 2, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**